UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------

VINCENT BROWN,

Plaintiff, **COMPLAINT**

-against-                                    JURY TRIAL DEMANDED

THE CITY OF NEW YORK, RICHARD A. BROWN,
DISTRICT ATTORNEY OF QUEENS COUNTY,
WILLIAM HOGAN, and JOHN DOE,

Defendants.

---------------------------------------------------------------------x

Plaintiff, Vincent Brown, by and through his attorneys, **THE LAW OFFICE OF**

**SCOTT G. CERBIN, PLLC**, complaining of the defendants herein, respectfully shows

the Court and alleges:

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which the plaintiff seeks relief for the

defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C.

§§ 1981 and1983; by the United States Constitution, including its Fourth and

Fourteenth Amendments, and by the laws and Constitution of the State of New York.

The plaintiff seeks damages, both compensatory and punitive, affirmative equitable

relief, an award of costs and attorney's fees, and such other and further relief as this

court deems just and equitable.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C.

§§ 1981 and 1983.

3.    The plaintiff further invokes this court's supplemental jurisdiction,

pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all

1

parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4.      Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

5.      Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on or about August 3, 2010 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6.      Plaintiff Vincent Brown is 43 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Queens. He is of African American ancestry.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. THE CITY OF NEW YORK is also authorized to maintain a police department, which acts as its agent in the area of law enforcement. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches

2

to the public consumers of the services provided by the New York City Police Department.

9.       Defendant RICHARD A. BROWN, DISTRICT ATTORNEY OF QUEENS COUNTY, ("The District Attorney") is the chief law enforcement officer of Queens County. The District Attorney is a local policy maker charged with the hiring, screening, training, retention, supervision, discipline, and control of the Assistant District Attorneys in his employ. The District Attorney is sued in his individual and official capacities.

10.      Defendants HOGAN and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants HOGAN and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants HOGAN and DOE are sued individually.

## STATEMENT OF FACTS

11.      On or about February 21, 2010 in the County of Queens, plaintiff VINCENT BROWN was arrested pursuant to a complaint involving a domestic dispute. The top charge in the domestic case was a mere misdemeanor which would normally

3

have result in a criminal defendant's release on recognizance -or at most- nominal bail. However, in this case the defendant DISTRICT ATTORNEY commenced an action against plaintiff pursuant to Article 570 of the Criminal Procedure Law alleging that Plaintiff was a fugitive from justice. To wit, it was alleged in an information sworn to by defendant HOGAN that plaintiff was wanted in the State of Massachusetts on charges of possession of cocaine with intent to distribute. Said information caused the plaintiff to be remanded to the custody of the Department of Corrections.[1]

12.    Despite plaintiff's repeated protests that he was not the Vincent Brown wanted in Massachusetts, and his refusal to waive extradition proceedings, the DISTRICT ATTORNEY failed to act diligently in ascertaining whether plaintiff was in fact a fugitive. Plaintiff initially sat in jail for thirty days – after which time the DISTRICT ATTORNEY renewed its application to hold him. This was done yet again after sixty days. In fact, plaintiff was not released until May 12, 2010 when the DISTRICT ATTORNEY apparently realized their egregious error and made an *ex parte* application to the criminal court to dismiss the information and release the plaintiff. The DISTRICT ATTORNEY never contacted plaintiff's criminal attorney regarding his client's detention and release.

13.    As such, plaintiff was unlawfully incarcerated for approximately eighty (80) days owing to the deliberate indifference of the DISTRICT ATTORNEY.

**AS AND FOR A FIRST CAUSE OF ACTION**
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983 by
Defendants HOGAN and DOE)

---

[1] It should be noted that while $1,500 bail was set on the misdemeanor charge - the People were not ready to proceed on the adjourned date of 2/25/10. Hence pursuant to NY CPL §170.70 Mr. Brown would have been released on that date but for the erroneous warrant.

4

14.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

15.    By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants HOGAN and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

16.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983
by THE DISTRICT ATTORNEY)

17.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

18.    At all times material to this complaint, defendant THE DISTRICT ATTORNEY had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of unconstitutional conduct by Assistant District Attorneys and other staff members of the Queens County District Attorney's Office.

19.    Defendant THE DISTRICT ATTORNEY failed to properly train, supervise or discipline members of the Office of the Queens County District Attorney

concerning correct practices in ensuring the immediate release of persons being held on fugitive warrants.

20.     Defendant THE DISTRICT ATTORNEY being aware that such lack of training, supervision, and discipline leads to improper conduct by Assistant District Attorneys and other staff members of the Office of the District Attorney, Queens County, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline.   Defendant THE DISTRICT ATTORNEY is aware of the persistent and substantial risk of illegal detention of persons charged with being fugitives by the criminal courts and effective training and discipline would lessen the likelihood of such occurrences.   There are recurrent circumstances which involve such potential danger to the constitutional rights of citizens which are officially tolerated by THE DISTRICT ATTORNEY.   The Office of the District Attorney acted with indifference to or a reckless disregard for the natural and probable consequences of their acts, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

21.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A THIRD CAUSE OF ACTION.
(False arrest and false imprisonment
by defendant HOGAN and DOE)

22.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

6

23.     By the actions described above, defendants HOGAN and DOE falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

24.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FOURTH CAUSE OF ACTION
(False imprisonment by defendant
the DISTRICT ATTORNEY)

25.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26.     By the actions described above defendant the DISTRICT ATTORNEY falsely imprisoned or caused to be falsely be imprisoned plaintiff, illegally, and without any right to do so. The acts and conduct of the defendant DISTRICT ATTORNEY were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

27.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent infliction of emotional harm)

28.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

7

29.     The above named defendants negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

30.     As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

### AS AND FOR A SIXTH CAUSE ACTION
(Liability of the City of New York
for constitutional violations)

31.     Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

32.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, correction department, and through defendants HOGAN, DOE, and THE DISTRICT ATTORNEY had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

33.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants HOGAN, DOE, and THE DISTRICT ATTORNEY had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees, police officers, assistant district attorneys and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies,

8

practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

34.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent hiring, screening, retention, supervision and training)

35.    Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36.    Defendants THE CITY OF NEW YORK and the DISTRICT ATTORNEY negligently hired, screened, retained, supervised and trained defendants HOGAN, DOE, and Assistant District Attorneys. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

37.    As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE,** plaintiff demands the following relief jointly and severally against all of the defendants:

a.    Compensatory damages;

b.    Punitive damages;

c.    The convening and empaneling of a jury to consider the merits of the claims herein;

d.    Costs and interest and attorneys' fees;

9

e.  Such other further relief as this court may deem appropriate and

equitable.

Dated: Brooklyn, New York
       October 8, 2010

                                    Respectfully submitted,

                                    **SCOTT G. CERBIN, PLLC**
                                    Counsel for the Plaintiff

                                    By: Scott G. Cerbin (SC5508)
                                    26 Court Street, Suite 810
                                    Brooklyn, NY 11242
                                    (718) 596-1829