UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
VINCENT BROWN,

                                     Plaintiff,     **AMENDED COMPLAINT**

                -against-                     JURY TRIAL DEMANDED

THE CITY OF NEW YORK, RICHARD A. BROWN,
DISTRICT ATTORNEY OF QUEENS COUNTY, WILLIAM
HOGAN, THE CITY OF PITTSFIELD, CHIEF OF POLICE
MICHAEL WYNN, DAVID F. CAPELESS DISTRICT
ATTORNEY OF BERKSHIRE COUNTY, and JOHN DOE,

                                  Defendants.
------------------------------------------------------------------X

Plaintiff, Vincent Brown, by and through his attorneys, **THE LAW OFFICE OF SCOTT G. CERBIN, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

**PRELIMINARY STATEMENT**

1. This is a civil rights action in which the plaintiff seeks relief for the defendant's violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments, and by the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative equitable relief, an award of costs and attorney's fees, and such other and further relief as this court deems just and equitable.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked under 28 U.S.C. § 1343 and 42 U.S.C. §§ 1981 and 1983.

3. The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

4. Venue herein is proper for the United States District Court for the Eastern District of New York under 28 U.S.C. § 1391 (a), (b) and (c).

## NOTICE OF CLAIM

5. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York on or about August 3, 2010 within 90 days of the events complained of herein. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

6. Plaintiff Vincent Brown is 43 years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of Queens. He is of African American ancestry.

7. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is

authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9. Defendant RICHARD A. BROWN, DISTRICT ATTORNEY OF QUEENS COUNTY, ("The QUEENS DA") is the chief law enforcement officer of Queens County. The District Attorney is a local policy maker charged with the hiring, screening, training, retention, supervision, discipline, and control of the Assistant District Attorneys in his employ. The District Attorney is sued in his individual and official capacities.

10. Defendants HOGAN and DOE are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK. Defendants HOGAN and DOE are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants HOGAN and DOE are sued individually.

11. Upon information and belief, Defendant THE CITY OF PITTSFIELD is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of Massachusetts. It is authorized to maintain a police department, which acts as its agent

in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF PITTSFIELD assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the Pittsfield Police Department.

12. Upon information and belief, Defendant CHIEF OF POLICE MICHAEL WYNN ("WYNN") is the duly-appointed commanding officer of the Police Department of Defendant THE CITY OF PITTSFIELD. As such, Defendant WYNN is charged with the hiring, screening, training, retention, supervision, discipline, and control of the police offers in his employ. Defendant WYNN is sued in his individual and official capacities.

13. Upon information and belief, Defendant DAVID P. CAPELESS, DISTRICT ATTORNEY OF BERKSHIRE COUNTY ("the BERKSHIRE DA") is the duly-appointed chief law enforcement officer of Berkshire County, Massachusetts. The District Attorney is a local policy maker charged with the hiring, screening, training, retention, supervision, discipline, and control of the Assistant District Attorneys in his employ. Defendant the BERKSHIRE DA is sued in his individual and official capacities.

**STATEMENT OF FACTS**

14. On or about 2005, plaintiff VINCENT BROWN was arrested in the State of Virginia. He was advised by the Virginia authorities that he could not be released due to an outstanding warrant from Berkshire County, Massachusetts. Plaintiff VINCENT BROWN was subsequently held in Virginia prison for months before Virginia and Massachusetts concluded he was not the same Vincent Brown from the warrant.

15.     On or about February 21, 2010 in the County of Queens, plaintiff VINCENT BROWN was arrested pursuant to a complaint involving a domestic dispute.  The top charge in the domestic case was a mere misdemeanor, which would normally have result in a criminal defendant's release on recognizance -or at most- nominal bail.  However, in this case the defendant QUEENS DA commenced an action against plaintiff pursuant to Article 570 of the Criminal Procedure Law alleging that Plaintiff was a fugitive from justice.  To wit, it was alleged in an information sworn to by defendant HOGAN that plaintiff was wanted in the State of Massachusetts on charges of possession of cocaine with intent to distribute.  Said information caused the plaintiff to be remanded to the custody of the Department of Corrections.[1]

16.     Despite plaintiff's repeated protests that he was not the Vincent Brown wanted in Massachusetts, and his refusal to waive extradition proceedings, the QUEENS failed to act diligently in ascertaining whether plaintiff was in fact a fugitive.  Plaintiff initially sat in jail for thirty days – after which time the QUEENS DA renewed its application to hold him.  This was done yet again after sixty days.  In fact, plaintiff was not released until May 12, 2010 when the QUEENS DA apparently realized its egregious error and made an *ex parte* application to the criminal court to dismiss the information and release the plaintiff.  The QUEENS DA never contacted plaintiff's criminal attorney regarding his client's detention and release.

17.     As such, plaintiff was unlawfully incarcerated for approximately eighty (80) days owing to the deliberate indifference of the QUEENS DA.

---

[1] It should be noted that while $1,500 bail was set on the misdemeanor charge - the People were not ready to proceed on the adjourned date of 2/25/10.  Hence pursuant to NY CPL §170.70 Mr. Brown would have been released on that date but for the erroneous warrant.

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983 by
Defendants HOGAN and DOE)

18. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19. By their conduct and actions in arresting, imprisoning, failing to intercede on behalf of plaintiff and in failing to protect him from the unjustified and unconstitutional treatment she received at the hands of other defendants, defendants HOGAN and DOE, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
(Deprivation of federal civil rights under the United
States Constitution and 42 U.S.C §§ 1981 and 1983
by the QUEENS DA and the BERKSHIRE DA)

21. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22. At all times material to this complaint, defendant the QUEENS DA and the BERKSHIRE DA had in effect actual and/or *de facto* policies, practices, customs and usages that were a direct and proximate cause of unconstitutional conduct by Assistant District

Attorneys and other staff members of the Queens County District Attorney's Office and the Berkshire County District Attorney's Office..

23. Defendants the QUEENS DA and the BERKSHIRE DA failed to properly train, supervise or discipline members of the Office of the Queens County District Attorney and the Berkshire County District Attorney concerning correct practices in ensuring the immediate release of persons being held on fugitive warrants.

24. Defendant the QUEENS DA and the BERKSHIRE DA being aware that such lack of training, supervision, and discipline leads to improper conduct by Assistant District Attorneys and other staff members of the Office of the District Attorney, Queens County and Berkshire County, acted with deliberate indifference in failing to establish a program of effective training, supervision and discipline. Defendant the QUEENS DA is aware of the persistent and substantial risk of illegal detention of persons charged with being fugitives by the criminal courts and effective training and discipline would lessen the likelihood of such occurrences. There are recurrent circumstances, which involve such potential danger to the constitutional rights of citizens, which are officially tolerated by the QUEENS DA. Both District Attorney's offices acted with indifference to or a reckless disregard for the natural and probable consequences of their acts, and caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. §§ 1981 and 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

25. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
(False arrest and false imprisonment
by defendant HOGAN and DOE)

26. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

27. By the actions described above, defendants HOGAN and DOE falsely arrested or caused to be falsely arrested plaintiff without reasonable or probable cause, illegally, negligently, and without a warrant, and without any right to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

28. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
(False imprisonment by defendant
the QUEENS DA and the BERKSHIRE DA)

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. By the actions described above defendants the QUEENS DA and the BERKSHIRE DA falsely imprisoned or caused to be falsely imprisoned plaintiff, illegally, negligently, and without any right to do so. The acts and conduct of the defendant DISTRICT ATTORNEYS were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

31. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Negligent infliction of emotional harm)

32. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

33. All defendants named in this action negligently caused emotional distress and damage to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of emotional injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

34. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific bodily injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SIXTH CAUSE ACTION**
(Liability of the City of New York and the City of Pittsfield
for constitutional violations)

35. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

36. At all times material to this complaint, defendant THE CITY OF NEW YORK and THE CITY OF PITTSFIELD, acting through their respective police departments, correction departments, and through defendants HOGAN, DOE, the QUEENS DA, and the BERKSHIRE DA had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

37. At all times material to this complaint, defendants THE CITY OF NEW YORK and THE CITY OF PITTSFIELD, acting through their respective police departments, and through defendants HOGAN, DOE, the QUEENS DA, and the BERKSHIRE DA had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees, police officers, assistant district attorneys and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

38. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Negligent hiring, screening, retention, supervision and training)

39. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

40. Defendants THE CITY OF NEW YORK, THE CITY OF PITTSFIELD, the QUEENS DA, and the BERKSHIRE DA negligently hired, screened, retained, supervised and trained defendants HOGAN, DOE, WYNN and Assistant District Attorneys. The acts and conduct of the defendants were the direct and proximate cause of injury to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

41. As a result of the foregoing, plaintiff was deprived of his liberty, suffered great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

1. Compensatory damages;

2. Punitive damages;

3. The convening and empaneling of a jury to consider the merits of the claims herein;

4. Costs and interest and attorneys' fees;

5. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
May 26, 2011

          Respectfully submitted,
          **SCOTT G. CERBIN, ESQ. PLLC**
          *Counsel for the Plaintiff*

          /s/ Scott G. Cerbin
          _____
          By: Scott G. Cerbin (SC5508)
          26 Court Street, Suite 810
          Brooklyn, NY 11242
          (718) 596-1829